```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
DEBORAH HARRISON-KHATANA
                                    :
     v.                             :  Civil Action No. DKC 11-3715
                                    :
S. CANNON, et al.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss filed by Defendant Summon Cannon (ECF No. 10). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

Harrison-Khatana alleges the following facts in her complaint. (ECF No. 1). Plaintiff is a disabled veteran who was formerly employed as a fare box puller by the Washington Metropolitan Area Transit Authority ("WMATA"). In addition to her military disability, Harrison-Khatana suffered a disabling injury during her time as a WMATA employee. Harrison-Khatana asserts that WMATA's disability rules and regulations require metro buses to be kneeled upon the request of any employee who is disabled. Although WMATA accommodated Harrison-Khatana's

kneeling requests when she first returned to work after her jobsite injury, Cannon – a district manager with WMATA – allegedly instructed his employees to stop kneeling the buses, "which made [Plaintiff's] job harder to do." (*Id.* at 3).[1]  WMATA also purportedly refused a request from Harrison-Khatana's physician to place her on "light duty," even though similarly situated male employees were given lighter workloads during the same time period. (*Id.*).  Harrison-Khatana further alleges that she applied for other positions within WMATA but that Cannon selected less senior employees instead of her.  Plaintiff also contends that, after she complained to the union about WMATA's failure to make reasonable accommodations, Cannon retaliated against her by "making [work] harder for [her]." (*Id.*).  At some point in time, WMATA terminated Plaintiff.

After filing a charge with the Equal Employment Opportunity Commission, Harrison-Kathana received a right to sue letter on September 28, 2011.  On December 23, 2011, Plaintiff filed a *pro se* complaint in this court naming WMATA and Cannon as defendants.  Harrison-Khatana asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Americans with Disability Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA").  Plaintiff seeks back pay,

---

[1] The page numbers listed represent those assigned by the CM/ECF system.

2

reinstatement, compensatory damages, pain and suffering, and costs and attorneys' fees.  On January 6, 2012, Harrison-Khatana's motion for leave to proceed *in forma pauperis* was granted.  (ECF No. 3).  On March 5, 2012, WMATA answered the complaint (ECF No. 9), and Cannon moved to dismiss under Fed.R.Civ.P. 12(b)(6) (ECF No. 10).  Harrison-Khatana filed an opposition on March 8, 2012 (ECF No. 12), and Cannon did not file a reply.

**II.  Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266,

268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

**III. Analysis**

Cannon correctly argues that he must be dismissed from this lawsuit because, as an individual, he is not a proper defendant to a Title VII or ADA lawsuit.

It is well-settled that "supervisors are not liable in their individual capacities for Title VII violations" because they are not "employers" within the meaning of the statute. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). Likewise, the Fourth Circuit has held that the ADA "do[es] not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F.App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird Rose*, 192 F.3d 462, 472 (4th Cir. 1999)). Accordingly, Harrison-Khatana's ADA and Title VII claims cannot be maintained against Cannon in his individual capacity.

Assuming, *arguendo*, that Harrison-Khatana is attempting to sue Cannon in his official capacity, her Title VII and ADA claims against him would still fail. The Fourth Circuit has held that suing a public employee in his official capacity is the practical equivalent of suing the governmental entity itself. *Love–Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). Because Harrison-Kathana is also pursuing relief against WMATA under Title VII and the ADA, any claims against Cannon in his official capacity would be subject to dismissal as redundant. *See Bradley v. Baltimore Police Dep't*, Civ. No. JKB-11-1799, 2012 WL 4321738, at *2 (D.Md. Sept. 19, 2012) (dismissing claims against individual defendants because "it would be pointless to [sue them in their official capacities] since a suit brought in

that manner would still be, in effect, a suit against the Baltimore Police Department, which is already a defendant . . . ").

Hence, the Title VII and ADA claims against Cannon must be dismissed, regardless of whether he is being sued in his individual or official capacity.[2]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Summon Cannon will be granted.  A separate order will follow.

                                                                      /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[2] In light of this conclusion, Cannon's second argument (*i.e.*, that he cannot be held liable under Title VII or the ADA because he was not named as a respondent in Harrison-Khatana's EEOC charge) will not be reached.