IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH HARRISON-KHATANA             :

    v.                               :   Civil Action No. DKC 11-3715

                                          :

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                    :

**MEMORANDUM OPINION AND ORDER**

On October 31, 2012, the court issued an order dismissing all counts of Plaintiffs' complaint against Defendant Cannon, a Washington Metropolitan Area Transit Authority ("WMATA") district manager, because "he is not a proper defendant to a Title VII or ADA lawsuit." (ECF No. 14, at 4). On November 27, Plaintiff filed a motion for reconsideration, which is presently pending. (ECF No. 17).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.

2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. Rather, she merely rehashes the same arguments considered and rejected by the court in deciding the prior motion to dismiss. *See Sanders v. Prince George's Public School System*, No. RWT 08cv501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support

2

granting such a request").[1]  Thus, her motion for reconsideration cannot prevail.

Accordingly, it is this 21st day of December, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion for reconsideration filed by Plaintiff (ECF No. 17) BE, and the same hereby IS, DENIED; and

2.  The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiff and counsel for Defendant.

                                    /s/
                         DEBORAH K. CHASANOW
                         United States District Judge

---

[1] The argument presented by the *pro se* plaintiff suggests that she has misunderstood the import of the prior decision, which merely dismissed Mr. Cannon because a supervising public employee cannot be held liable under Title VII or the ADA. Indeed, the case continues against WMATA, and Plaintiff's argument relating to the alleged misconduct of Mr. Cannon may be relevant in that context.