IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH HARRISON-KHATANA          :

    v.                                :   Civil Action No. DKC 11-3715

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                 :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deborah Harrison-Khatana, proceeding *pro se*, commenced this action on December 23, 2011, by filing a complaint against her former employer, Washington Metropolitan Area Transit Authority ("WMATA"), and a WMATA district manager, alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et al*. ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA").[1] WMATA responded by filing an answer, asserting a number of affirmative defenses, and the individual defendant moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The court granted the motion to dismiss, finding that Plaintiff's Title VII and ADA claims could not be maintained against the manager in his individual capacity. On October 31, 2012, the court entered a scheduling order, establishing a March

---

[1] Concomitantly with her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), which was subsequently granted (ECF No. 3).

15, 2013, deadline for the completion of discovery and the filing of a status report and an April 15, 2013, deadline for the filing of dispositive motions.

On March 15, both parties filed status reports indicating that discovery had been completed and WMATA stated its intent to move for summary judgment. After being granted a brief extension, WMATA filed its motion for summary judgment on April 29. (ECF No. 29). On May 17, counsel entered an appearance on Plaintiff's behalf (ECF No. 32) and moved for an extension of time to respond to the summary judgment motion (ECF No. 31). Upon WMATA's consent, that motion was granted. Plaintiff never responded to the summary judgment motion, however. Instead, she filed the pending motion for leave to amend her complaint, attaching an amended pleading in which she seeks to raise a claim under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, and a supplemental claim for intentional infliction of emotional distress. (ECF No. 39). WMATA filed opposition papers on July 23, 2013. (ECF No. 42).

Because any amendment of the complaint would necessitate modification of the scheduling order, Plaintiff's motion implicates both Fed.R.Civ.P. 15(a), governing amendment of pleadings, and Fed.R.Civ.P. 16(b), governing modification of the schedule. The relevant standard in the Fourth Circuit was recently described as follows:

Once a responsive pleading is filed, a plaintiff may only amend his complaint by leave of the court or by written consent of the defendant, although the court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Under Rule 15(a), leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Id*. at 426–47.

However, where a motion to amend is brought "after the deadlines provided by a scheduling order have passed," a party must meet an additional requirement to prevail. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008). "A schedule may be modified only for good cause and with the judge's consent," Fed.R.Civ.P. 16(b)(4), and this "good cause standard must be satisfied to justify [an untimely motion for] leave to amend the pleadings." *Nourison Rug Corp*., 535 F.3d at 298; *see also United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (adopting a "two-part test whereby [an untimely] amendment to the pleadings must satisfy the requirements of both Rule 16(b) and Rule 15(a), in that order"). If a party fails to show good cause, the court's inquiry ends, and it need not consider whether the moving party meets the requirements of Rule 15(a). *Godwin*, 247 F.R.D. at 506.

The primary consideration in determining whether a movant has shown good cause to modify the court's scheduling order is the diligence of the moving party. *Montgomery v. Anne Arundel Cnty., Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Thus, "'[g]ood cause under Rule

3

> 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed.'" *Godwin*, 247 F.R.D. at 506 (quoting Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C. 2003))[.]

*Brunson v. Butler*, No. 5:09-CT-3063-FL, 2013 WL 3923996, at *3 (E.D.N.C. July 29, 2013).

Here, Plaintiff has met the requisite standard for leave to amend as to her Rehabilitation Act claim. The primary consideration in this analysis is that, until very recently, she has been self-represented in this matter. Plaintiff concedes in her motion papers that "[t]he cause of action boxes checked by plaintiff included Title 1 of the ADA and Title VII"; that she "incorrectly checked off the wrong cause of action"; and that her properly exhausted claim arises instead under the Rehabilitation Act. (ECF No. 39, at 3-4). The Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), and that policy would not be served by denying a *pro se* Plaintiff the opportunity to assert a disability discrimination claim due to a mere error in transcription – particularly where, as here, the sufficiency of the pleading was not challenged by the defendant prior to summary judgment. Indeed, had WMATA filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),

4

Plaintiff would have been alerted to this error and had the opportunity to amend at a much earlier date. *See* Fed.R.Civ.P. 15(a)(1)(B) ("[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)").

Moreover, given that the Rehabilitation Act and ADA provide virtually identical causes of action, little prejudice, if any, could inure to WMATA as a result of permitting amendment to substitute a Rehabilitation Act claim. *See Spencer v. Earley*, 278 Fed.Appx. 254, 261 (4th Cir. 2008) ("This court has repeatedly held that '[t]he ADA and Rehabilitation Act generally are construed to impose the same requirements,' and '[b]ecause the language of the Acts is substantially the same, we apply the same analysis to both.'" (quoting *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999)). Although WMATA argues that permitting Plaintiff to amend would be futile because her Rehabilitation Act claim would now be time barred, that argument ignores the relation back doctrine set forth in Fed.R.Civ.P. 15(c)(1)(B), which provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – in the original pleading[.]" WMATA is free to argue that this rule does not rescue Plaintiff's cause of action in a future motion, but it is

not clear from the face of the amended complaint that a claim under the Rehabilitation Act would be precluded by the statute of limitations.

In opposing Plaintiff's motion, WMATA's primary argument is that "Plaintiff proposes a new claim under the Rehabilitation Act, a cause of action for which WMATA, unlike the ADA, [] does not enjoy immunity." (ECF No. ECF No. 42, at 5). As noted, however, a determination on the merits of Plaintiff's disability discrimination claim is strongly preferred and would be facilitated by the proposed amendment with little prejudice to Defendant. Because Plaintiff has shown good cause for modification of the schedule and permitting amendment would not be futile or unduly prejudicial, Plaintiff will be granted leave to amend as to the Rehabilitation Act claim.

The same cannot be said of the proposed claim for intentional infliction of emotional distress. The tort of intentional infliction of emotional distress ("IIED") was first recognized by the Court of Appeals of Maryland in *Harris v. Jones*, 281 Md. 560 (1977). To recover for such a claim under Maryland law, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe. *Id*. at 566. "Each of these

6

elements must be pled and proved with specificity. It is not enough for a plaintiff merely to allege that they exist; [s]he must set forth facts that, if true, would suffice to demonstrate that they exist." *Foor v. Juvenile Servs. Admin.*, 78 Md.App. 151, 175 (1989). This tort is "rarely viable" and "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Respess v. Travelers Cas. & Sur. Co. of America*, 770 F.Supp.2d 751, 757 (D.Md. 2011) (quoting *Snyder v. Phelps*, 580 F.3d 206, 231 (4th Cir. 2009)).

Plaintiff's proposed amended complaint clearly fails to state a claim under this standard, as the alleged offensive conduct does not amount to the "extreme and outrageous" conduct necessary to support an IIED claim. *See Figueiredo-Torres v. Nickel*, 321 Md. 642, 655 (1991) ("mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient to support a claim for intentional infliction of emotional distress" (internal marks omitted)); *Rollins v. Verizon Md., Inc.*, Civ. No. RDB 09-2379, 2010 WL 4449361, at *8 (D.Md. Nov.5, 2010) (although yelling at the plaintiff in front of co-workers "may have embarrassed or upset [her], it does not constitute conduct that goes 'beyond all possible bounds of decency'"); *Arbabi v. Fred Meyers, Inc.*, 205 F.Supp.2d 462, 466 (D.Md. 2002) ("workplace harassment . . . almost never rises to the level of outrageousness, and almost never results in such

7

severely debilitating emotional trauma, as to reach the high threshold invariably applicable to a claim of intentional infliction of emotional distress under Maryland law."). Because amendment would be futile as to this claim, leave will not be granted.

Accordingly, it is this 27th day of August, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for leave to file an amended complaint filed by Plaintiff Deborah Harrison-Khatana (ECF No. 39) BE, and the same hereby IS, GRANTED IN PART AND DENIED IN PART;

2. Plaintiff is directed to file, within fourteen (14) days, an amended complaint excising the IIED claim and supporting factual allegations proposed in the amended complaint attached to her motion (ECF No. 39-1), but identical in all respects as to her Rehabilitation Act claim;

3. The motion for summary judgment filed by WMATA (ECF No. 29) BE, and the same hereby IS, DENIED AS MOOT; and

4. The clerk is directed to transmit copies of the foregoing Memorandum Opinion and this Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge